IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF: ) | |
| BRENDEN HARPER, DECEASED ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:22-cv-786 |
| ) | |
| LUIS RAIMUNDO DURAN-ENRIQUEZ, ) | |
| AND ) | |
| WINNERS TRANSPORTATION LLC, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF REMOVAL**

TO:   Clerk's Office
U.S. District Court for Southern District of Indiana – Indianapolis Division
46 E Ohio St.
Indianapolis, IN 46204

Clerk of the Court
Marion County Superior Court 4
200 Washington Street
Indianapolis, Indiana  46204

Marc W. Matheny
Marc Matheny Law Office
244 North College Avenue
Indianapolis, Indiana 46202
(317) 639-3315
*Counsel for Plaintiff*

Defendant LUIS RAIMUNDO DURAN-ENRIQUEZ (hereinafter "Defendant" or "Defendant Duran-Enriquez"), by and through his attorneys, SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD., hereby provides Notice of Removal of this action to the U.S. District Court for the Southern District of Indiana – Indianapolis Division, from the Marion

County Superior Court 4, Indianapolis, State of Indiana, based upon diversity of citizenship, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all defenses and objections. The specific grounds for removal are as follows:

1. The Estate of Brenden Harper (hereinafter "Plaintiff") commenced this personal injury action in the Marion County Superior Court 4, sitting in Indianapolis, Indiana, entitled *Estate of Brenden Harper v. Duran-Enriquez Luis Raimundo and Winners Transportation, LLC*, Cause No. 49D04-2108-CT-027441 on or about August 16, 2021. (*See* Summons and Complaint, attached as Exhibit A.) This personal injury action alleges that Decedent Brenden Harper died as a result of a car accident on Interstate 465 westbound in Indianapolis, Indiana, on or about February 25, 2021. *Id.*

2. However, Plaintiff's Complaint was not removable on its face. *Id*. The scant allegations of Plaintiff's Complaint did not provide notice that the amount in controversy exceeded $75,000. *Id.*

3. Therefore, Defendants Duran-Enriquez and Winners Transportation LLC served Requests to Admit Facts upon Plaintiff. (*See* Defendants' Requests to Admit Facts to Plaintiff, attached as Exhibit B). The Requests to Admit Facts asked that Plaintiff admit the following: (1) Plaintiff is seeking damages in an amount greater than $75,000.00, exclusive of interest or costs; and (2) The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs. *Id.*

4. Plaintiff served his response to Defendants' Request to Admit Facts on March 24, 2022, admitting the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs. (*See* Plaintiff's Response to Requests to Admit Facts, attached as Exhibit C).

5. Removal is timely, pursuant to U.S.C. § 1446(b), in that this Notice is being filed within thirty (30) days after receipt by the defendants of a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *Smith v. Executive Fund Life Ins. Co.,* 651 F.Supp. 269 (M.D.La.1986) (The thirty-day period under § 1446 begins to run when a defendant is able *reasonably and intelligently* to conclude from the pleadings and other papers that the amount in controversy exceeds the jurisdictional minimum) (emphasis added).  In a fatality case, the nature of the claim is insufficient to create notice. *Gaskin v. Sharp Elecs. Corp.*, 2005 Dist. LEXIS 46800 (N.D. Ind., October 24, 2005). A response to Requests to Admit Facts constitutes "other paper" under 28 U.S.C. § 1446(b) necessary to give notice that a state court action has become removable.  *See Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d 595, 599 (W.D. Tex. 2008). *See also Gaskin v. Sharp Electronics Corp.*, No. 2:05-CV-303, 2005 WL 2736442, at *5 (N.D. Ind. Oct. 24, 2005).

6. Defendant was first able to ascertain that this action is one which has become removable upon receipt of Plaintiff's Response to Defendants' Request to Admit Facts. Accordingly, this Notice of Removal is being timely filed within thirty (30) days.

7. This Notice of Removal is brought pursuant to 28 U.S.C. § 1441 and § 1446. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of seventy-five thousand dollars ($75,000) exclusive of costs and interest.

8. Defendant, Winners Transportation, LLC, is a limited liability company with its principal place of business in Illinois at the time of the incident complained of and at the time the

Complaint was filed. (*See* Illinois Secretary of State Documentation, attached as Exhibit D.) Defendant Duran-Enriquez, is a resident of Florida and has been at all relevant times. (*See* Duran-Enriquez Answer to Plaintiff's Complaint, attached as Exhibit E.) According to the Complaint, Plaintiff was a resident of the State of Indiana at all relevant times. (*See* Exhibit A.) Thus, Plaintiff is believed to have been domiciled in the State of Indiana at all relevant times. As a result, there is complete diversity of citizenship between the parties under 28 U.S.C. § 1332.

9. The underlying state court action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because the amount in controversy exceeds the sum or value of seventy-five thousand ($75,000) exclusive of costs and interest and there is complete diversity between Plaintiff and Defendants.

10. Pursuant to 28 U.S.C. § 1446(a), copies of the process and pleadings served upon Defendant are attached hereto. (*See* Exhibit A.)

11. Defendant Winners Transportation LLC consents to removal of this action.

12. Defendant Luis Raimundo Duran-Enriquez has issued written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Marion Superior Court 4, sitting in Indianapolis, Indiana.

WHEREFORE, Defendant, Luis Raimundo Duran-Enriquez respectfully gives notice that the above action, now pending against it in the Marion Superior Court 4, sitting in Indianapolis, Indiana, is removed to the U.S. District Court for the Southern District of Indiana – Indianapolis Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

SEGAL McCAMBRIDGE, SINGER & MAHONEY, LTD.


By: /s/  Amanda L. Kolodkin
   One of the Attorneys for Defendant,
   Luis Raimundo Duran-Enriquez

Jill M. Felkins, #27100-29
Amanda L. Kolodkin, #32516-53
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
233 South Wacker Drive – Suite 5500
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711 [Fax]
jfelkins@smsm.com
mkolodkin@smsm.com

**CERTIFICATE OF SERVICE**

> **Commented [JF1]:** If this is all electronic, this part needs to be updated to reflect that

I, Amanda L. Kolodkin, certify that on the **21st day of April, 2022**, a true and complete copy of the foregoing, **Notice of Removal**, was served on:

Marc W. Matheny
Marc Matheny Law Office
244 North College Avenue
Indianapolis, Indiana  46202
mmatheny@ameritech.net
mmatheny@oblawindy.com


via *electronic mail.*


/s/  Amanda L. Kolodkin
Amanda L. Kolodkin, #32516-53

Jill M. Felkins, #27100-29
Amanda L. Kolodkin, #32516-53
SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.
233 South Wacker Drive – Suite 5500
Chicago, Illinois 60606
Telephone:      (312) 645-7800
Fax Number:    (312) 645-7711
Computer address:  mkolodkin@smsm.com